James E. **DORSEY,** Plaintiff,

v.

Bruce L. **MORGAN,** Defendant.

Civ. A. No. R–90–1226.

United States District Court, D. Maryland.

Jan. 24, 1991.

510

Mary Elizabeth Peitersen, UAW–GM Legal Services Plan, Baltimore, Md., for plaintiff.

Jacqueline S. Russell, Niles, Barton & Wilmer, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Pending before the Court in the above-captioned case are defendant's ("Morgan") motion for summary judgment on count III of the complaint and plaintiff's ("Dorsey") motion for summary judgment as to liability only on counts I and II of the complaint. Pursuant to Local Rule 105, subd. 6 (D.Md. 1989), the Court is now prepared to rule without need for a hearing. For the reasons set forth below, plaintiff's motion will be denied and defendant's motion will be granted.

### Standards for Summary Judgment

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure serves the important purpose of "conserv[ing] judicial time and energy by avoiding unnecessary trial and by providing a speedy and efficient summary disposition" of litigation in which the plaintiff fails to make some minimal showing that the defendant may be liable on the claims alleged. *Bland v. Norfolk & Southern R.R. Co.*, 406 F.2d 863, 866 (4th Cir.1969). The applicable standards for analyzing a motion for summary judgment under Rule 56 are well-established. The defendant[1] seeking summary judgment bears the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. In determining whether the defendant has sustained this burden, this Court must consider whether, when assessing the evidence in the light most favorable to the plaintiff, a "fair-minded jury could return a verdict for the plaintiff...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Pulliam Investment Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987). That is, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a motion for summary judgment. *Id., see also Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.

1984). It is against these standards that the Court shall review defendants' motion.

### Factual Background

Defendant, Morgan, is an attorney admitted to practice in New York and Pennsylvania. Morgan is employed as in-house counsel for Outdoor World Corporation ("Outdoor World"). On April 18, 1989, plaintiff, Dorsey, and his fiancee, Sheila Love, entered into an agreement with Outdoor World for the purchase of a membership in one of Outdoor World's recreational campgrounds. The agreement provided that the membership was "being purchased primarily for personal, family, or household use." The total cost of the membership was $4,577.68. Under the terms of the agreement, Dorsey was required to make 42 monthly payments of $103.04 per month. Dorsey made a downpayment of $250.00 at the time of purchase and made one monthly payment in May, 1989.

On September 25, 1989, Morgan sent a letter to Dorsey demanding payment of amounts allegedly owing to Outdoor World. The letter was generated from a word processor in accordance with procedures whereby Morgan was requested to mail letters to persons overdue in their payments to Outdoor World. The letterhead of the letter contained the following information: 1) at the top center of the letter "BRUCE L. MORGAN" was printed in bold face type directly above "ATTORNEY AT LAW;" 2) on the right hand side of the letterhead was "MEMBER OF THE BARS OF PENNSYLVANIA AND NEW YORK;" and 3) on the left hand side of the letterhead was the address "RT. 209" above "BUSHKILL PA 18324." The address contained in the letterhead is the business address of Morgan.

The relevant text of the letter stated: Dear JAMES DORSEY,

*I am the attorney for Outdoor World.* I have been advised by *my client* of your delinquency under the terms of your Outdoor World contract. As you are

---

**1.** The analysis is equally applicable, of course, to the motions for summary judgment made by plaintiff.

aware, the contract provides that in the event of default, Outdoor World may immediately declare the entire balance of $3388.34 due and owing.

This letter constitutes a demand that unless arrangements are made with Outdoor World for payment of the delinquent amount of $427.16 due by 5:00 p.m. on October 05, 1989, *they may request that I take appropriate legal action on behalf of Outdoor World to enforce your obligations to Outdoor World.* If an action were to be commenced in court, *we would ask the court to award attorney's fee and cost associated with the collection efforts.* Such action will not be necessary if you make arrangement for payment by the date set forth above.

You should immediately contact ROBERTA HARTNAGEL at 1–800–222–1702, extension 2249, or make your check payable to Outdoor World, referencing your account number, and forward the check to this address:

Outdoor World
P.O. Box 1144
Scranton, PA 18501

Sincerely,

Bruce L. Morgan

Attorney at Law

Other than the September 25, 1989 letter, no other letters, notices, correspondence, or communications, written or oral, were conveyed by Morgan to Dorsey.

### Analysis

Dorsey claims that Morgan has violated three sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") namely: FDCPA §§ 1692d, 1692e(11), and 1692g. Plaintiff has moved for summary judgment as to liability only with respect to his claims that Morgan violated FDCPA §§ 1692e(11) and 1692g. Defendant has moved for summary judgment on the issue of whether he violated FDCPA § 1692d.

### I. The FDCPA

The FDCPA is a comprehensive statute designed to eliminate abusive debt collection practices by debt collectors. FDCPA § 1692(e). The statute governs both communications and debt collection practices utilized by debt collectors in the collection of debts from consumers. In addition to providing for actual damages that result from a debt collectors failure to comply with any provision of the statute, the FDCPA provides for statutory damages of up to $1000 per violation in addition to attorney fees and costs. *Id.* § 1692k.

■ As a preliminary matter the Court must determine whether 1) Dorsey is a "consumer"; 2) Dorsey's obligation to pay constitutes a "debt"; and 3) Morgan is a "debt collector" as those terms are defined by the statute. Under the statute " 'consumer' means any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). Dorsey clearly is a natural person. " 'Debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the ... property ... or services which are the subject of the transaction are primarily for personal, family, or household purposes...." *Id.* § 1692a(5). The contract between Dorsey and Outdoor World provided that the membership was "being purchased primarily for personal, family, or household use." Accordingly, the money allegedly owed by Dorsey to Outdoor World upon which the communication from Morgan to Dorsey was based clearly constitutes a debt.

The Court now turns to the question of whether Morgan is a "debt collector" as that term is defined under the statute. Under the FDCPA a "debt collector" is defined as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is col-

lecting or attempting to collect such debts.... The term does not include— (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.

*Id.* at § 1692a(6). As noted by both parties, the definition of "debt collector" thus includes: 1) persons in a business the principal purpose of which is the collection of debts; 2) persons who regularly collect or attempt to collect, directly or indirectly, debts owed or due to another; and 3) creditors, who in the process of collecting their own debts, use any names that would indicate that a third person is collecting or attempting to collect the debts.

■ The Court first turns to the issue of whether Morgan can be held liable as a creditor, who in the process of collecting *his debts*, uses a name indicating that a third person is attempting to collect the debts. Under the FDCPA " 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed...." *Id.* at § 1692a(4). The contract in this case that created the debt was entered into by Outdoor World and Dorsey. There has been no allegation anywhere in this case that Morgan extended credit to Dorsey. It is clear, therefore, that Outdoor World, as opposed to Morgan, is the creditor.

Both parties expended considerable effort in arguing whether or not Morgan was liable merely due to Outdoor World's alleged process of attempting to collect its debts in Morgan's name. This argument misses the point entirely. A creditor, i.e. Outdoor World, may be held liable if it, in the process of collecting *its own debts*, uses any names that would indicate that a third person is collecting or attempting to collect the debts. Because Morgan was not a creditor, he can not be held to be a "debt collector" merely because he allegedly attempted to collect Dorsey's debt to Outdoor World in his name.

**2.** This is clear as Morgan, in his memorandum in opposition to plaintiff's motion for summary judgment, states that "in his motion for summary judgment, plaintiff does not claim that Mr. Morgan is either a person in a business the principal purpose of which is the collection of

■ Plaintiff also suggested that Morgan was a "debt collector" by virtue of the fact that he regularly attempted to collect debts owed or due to Outdoor World. For instance, plaintiff submits evidence that the letter sent to Dorsey was produced from a form that provided the basis for other letters sent to other debtors. This evidence, however, does not provide a sufficient basis for this Court to conclude as a matter of law that Morgan "regularly" collects or attempts to collect debts owed to Outdoor World because the Court has not been provided with any evidence of the frequency with which the form letter with the same letterhead is used as a basis for attempting to collect debts on behalf of Outdoor World. Moreover, because this basis for liability clearly was not the focus of plaintiff's motion for summary judgment, defendant has had no opportunity to respond to such a claim.[2]

■ The Court, however, believes that there are no issues of material fact in dispute with respect to the issue of in whose name Morgan was attempting to collect Dorsey's debt.[3] As this issue is relevant to the determination of whether Morgan is a "debt collector," and because both parties had an opportunity to argue this issue, the Court will make a finding as a matter of law.

■ An employee of a creditor is not a debt collector, regardless of the regularity with which the employee collects· or attempts to collect debts, so long as the employee acts in the name of the creditor. *Kempf v. Famous Barr Co.*, 676 F.Supp. 937, 938–39 (E.D.Mo.1988); *see also* 1977 U.S.Code Cong. & Admin.News 1695, 1698. Therefore, if Morgan, an employee of Outdoor World, attempted to collect Dorsey's debt in the name of Outdoor World he can not be held liable as a debt collector.

debts, *or a person who regularly collects or attempts to collect debts owed or due another."* Opposition at 4 (emphasis added).

**3.** This issue was fully argued by both parties.

The Court believes that the undisputed facts in this case clearly show that Morgan was attempting to collect Dorsey's debt as an independent attorney as opposed to attempting to collect as an employee of Outdoor World. The only communication by Morgan to Dorsey was the September 25, 1989 letter. Morgan argues that the references in the letter stating that "I am an attorney for Outdoor World" and the use of the word "we" in the phrase "we would ask the court to award attorney fees" indicates Morgan's affiliation with Outdoor World. The Court agrees that these references indicate Morgan's affiliation with Outdoor World. Nevertheless, these references clearly could be interpreted to suggest that Morgan was an outside counsel as easily as they could be interpreted to denote that Morgan was in-house counsel.

On the other hand, there are other portions of the letter that clearly demonstrate that Morgan was not acting as in-house counsel. First, the letterhead of the letter refers only to Morgan as an attorney and contains no reference to Outdoor World. If Morgan were acting as in-house counsel for Outdoor World, letterhead with a reference to Outdoor World should have been used. Second, the letter states "I have been advised. by my *client* [Outdoor World]...." The use of the word client as opposed to employer denotes patronage of an outside counsel as opposed to use of in-house counsel. Third, the letter states that "they [Outdoor World] may request that I take appropriate legal action on behalf of Outdoor World." The use of the words "they" and "I" clearly denotes a relationship other than one of a corporate employer acting through in-house counsel.

In summary, the Court finds that while the September 25, 1989 letter may have some references that could be read to indicate Morgan was either in-house or outside counsel to Outdoor World, the letter had a greater number of references that could only be read to indicate an outside counsel relationship. On the other hand the letter had no references that clearly and unambiguously identified Morgan as an employee, corporate officer, or in-house counsel of Outdoor World. Because the Court holds

that Morgan did not attempt to collect Dorsey's debt in the name of Outdoor World, Morgan cannot shield himself from liability by claiming he acted as the employee of a creditor. Accordingly, plaintiff still may be able to establish that Morgan was a "debt collector."

## II.  FDCPA § 1692g and § 1692e(11)

Plaintiff claims Morgan failed to comply with FDCPA § 1692g and § 1692e(11). Both of these sections only apply to "debt collectors." As stated above, the Court is unable to determine whether or not Morgan is a "debt collector." The Court, however, will decide whether Morgan complied with these sections as there appears to be no issues of material fact in dispute, and the decision of these issues will confine further litigation to the undecided issues.

FDCPA § 1692g requires that a debt collector provide certain written information to a consumer in the debt collector's initial communication with the consumer or within five days of the initial communication. The information required includes: 1) the amount of the debt; 2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer disputes the validity of the debt within thirty days of the notice, the debt will be assumed valid by the debt collector; 4) a statement that if the debt is disputed within thirty days, the debt collector will obtain and send a copy to the consumer of verification of the debt or judgment; and 5) a statement that upon written notice the debt collector will provide the consumer with the name of the original creditor, if different from the current creditor. FDCPA § 1692g(a)(1)–(5).

FDCPA § 1692e defines and prohibits false and misleading representations that may be made by debt collectors. "[T]he failure to disclose clearly in *all* communications made to collect a debt or to obtain information about the consumer, that the debt collector is attempting to collect a debt *and* that any information obtained will be used for that purpose" constitutes a

violation. *Id.* at § 1692e(11) (emphasis added).

It is undisputed that Morgan's September 25, 1989 letter was the first and only communication sent by Morgan to Dorsey. With respect to the requirements under FDCPA § 1692g, the letter contained information regarding the amount of Dorsey's alleged debt and the name of the creditor, Outdoor World, to whom the debt was owed. The letter, however, failed to contain any of the other requirements specified under § 1692g. Accordingly, the Court finds that if Morgan is deemed to be a debt collector, his failure to comply with § 1692g constitutes a violation of the FDCPA. *Ost v. Collection Bureau, Inc.,* 493 F.Supp. 701, 702–04 (D.N.D.1980).

With respect to § 1692e(11), it is clear that the letter disclosed that Morgan was attempting to collect a debt, however, it is equally clear that the letter failed to disclose that any information obtained will be used for purposes of collecting a debt. Because Morgan failed to comply with both of the requirements under § 1692e(11), he will be found to have committed another violation of the FDCPA if he is in fact deemed to be a debt collector. *Seabrook v. Onondaga Bureau of Med. Econ., Inc.,* 705 F.Supp. 81, 86 (N.D.N.Y.1989).

### III. FDCPA § 1692d

Defendant has moved for summary judgment on plaintiff's claim that he violated FDCPA § 1692d which provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." [4] FDCPA § 1692d deems certain *nonexclusive* activities to be *per se* harassing. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1178 (11th Cir.1985) (stating that § 1692d is not limited to *per se* violations). Plaintiff, however, does not allege that defendant committed any *per se* violations in this case.

■ Dorsey claims that the following portions of the September 25, 1989 letter from Morgan were harassing or oppressive: 1) "[Outdoor World] may request that I take appropriate legal action ... to enforce your obligation," and 2) "[i]f such an action were to be commenced in court, we would ask the court to award attorney fees and costs associated with the collection efforts." Dorsey alleges that these statements were oppressive because they were factually untrue. In support of his claim Dorsey alleges that: 1) Outdoor World had never asked Morgan to file a collection action; 2) Outdoor World never files suit to collect its delinquent accounts; 3) Morgan could not have filed suit in Maryland, the proper judicial district for a case against Dorsey, because Morgan was not a member of the Maryland bar; and 4) it is questionable whether attorney fees could have been awarded in this case.

"[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Jeter,* 760 F.2d at 1179. Nevertheless, threats to take legal action do not, constitute conduct designed to harass, oppress, or abuse within the meaning of FDCPA § 1692d. *E.g., id.* Plaintiff, however, claims that this case can be distinguished from *Jeter* because in the instant case, Morgan's threat to possibly take legal action was allegedly untrue. Moreover, plaintiff claims that Morgan's threat of possible litigation was more oppressive than those in other cases because in the instant case the threat was by an attorney, thereby allegedly implying more imminent action than in other cases where the threats were by collection bureaus.

■ The Court finds plaintiff's contentions meritless. First, the Court finds plaintiff's comparison of an attorney's threat of legal action and those of collection bureaus to be a distinction without a difference. Second, Morgan's statements

---

**4.** As stated previously, no determination has been made with respect to whether Morgan can be deemed a "debt collector." The analysis in this section assumes for the purposes of argument that Morgan is a "debt collector" in order that the Court can determine if the activities of Morgan were harassing under FDCPA § 1692d.

were not false. Morgan's September 25, 1989 letter states only that Outdoor World "may request" Morgan to take "appropriate legal action." It is undisputed that Outdoor World had the right to engage in legal action to collect Dorsey's alleged overdue debt. Accordingly, whether or not Outdoor World had engaged in legal action, through Morgan, in the past is irrelevant, because Outdoor World clearly *may* have requested Morgan take appropriate legal action against Dorsey. Plaintiff's claim that Morgan could not take "appropriate legal action" in Maryland is also incorrect as Morgan certainly could have hired local counsel to handle the matter. Further, Morgan's claim that he would seek attorney fees and costs in the event legal action was commenced was neither false nor oppressive as the contract between Dorsey and Outdoor World provided for the payment of attorney fees and costs in a collection action. Although attorney fees are generally not allowed as a portion of damages in a contract action, they are allowed when the payment is provided for by contract. *Addressograph–Multigraph Corp. v. Zink*, 273 Md. 277, 288–89, 329 A.2d 28 (1974).

Because no reasonable jury could find that Morgan made harassing, oppressive, or abusive statements to Dorsey, summary judgment must be entered in favor of the defendant with respect to plaintiff's FDCPA § 1692d claim.

Accordingly, it is this 24th day of January, 1991, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion for summary judgment on count III of plaintiff's complaint is GRANTED; and

2. That plaintiff's motion for summary judgment on counts I and II of the complaint is DENIED WITHOUT PREJU-DICE. Plaintiff may refile his motion for summary judgment on counts I and II of the complaint in the event that the facts warrant such filing.