**Norman WEST, Plaintiff,**

v.

**NATIONWIDE CREDIT, INC. and Scott Beaulieu, Defendants.**

**No. 3:97CV610 MCK.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 9, 1998.

John W. Taylor, Mitchell, Rallings, Singer, McGuirt & Tissue, Charlotte, NC, for Norman West, Plaintiff.

William A. Blancato, McCall, Doughton & Blancato, PLLC, Winston–Salem, NC, for Nationwide Credit, Inc. and Scott Beaulieu, Defendants.

## ORDER

MCKNIGHT, United States Magistrate Judge.

This matter is before the court for ruling on Defendants' motion to dismiss, filed February 2, 1998.

## I. Factual and Procedural Background

This is an action brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, and North Carolina law (N.C. Gen.Stat. § 58–70–90 *et. seq.*, and N.C. Gen.Stat. § 75–1.1). In his complaint, Plaintiff makes the following allegations, which must be taken as true for purposes of Defendant's motion to dismiss. Prior to September 1997, Plaintiff became indebted to American Express on a credit card and he defaulted on his payments. American Express assigned Plaintiff's account to Nationwide Credit ("Nationwide") for collection.

On or about October 6, 1997, Scott Beaulieu, who was an employee of Nationwide, telephoned Plaintiff's neighbor. Mr. Beaulieu gave Plaintiff's neighbor his name and telephone number and asked the neighbor to have Plaintiff call him. In addition, Mr. Beaulieu told the neighbor that the matter was "very important."

Plaintiff contends that Mr. Beaulieu's telephone call to Plaintiff's neighbor violated the FDCPA and North Carolina law. According to Plaintiff, Mr. Beaulieu's telephone call contained "false or misleading" information and was an improper communication with a third party.[1]

## II. Analysis

Defendants move the court to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, Mr. Beaulieu has moved to dismiss Plaintiff's action against him pursuant to Fed.R.Civ.P. 12(b)(2) and (b)(5) on the grounds that he has not been served with the summons and complaint.

### A. Rule 12(b)(6) standard

In deciding a motion to dismiss, the court accepts as true the facts alleged in the plaintiff's complaint. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281(1980); *see also Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991) (in testing the legal sufficiency of a complaint, the court "construe[s] the factual allegations in the light most favorable to plaintiff"). A complaint, no matter how unartfully pleaded, must survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Loe,* 582 F.2d at 1295 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### B. Plaintiff's FDCPA claim

█ Defendants contend that Plaintiff's FDCPA claim should be dismissed because Mr. Beaulieu's alleged telephone call to Plaintiff's neighbor did not violate the FDCPA. The FDCPA was enacted by Congress in 1977 to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692a; *Dorsey v. Morgan,* 760 F.Supp. 509, 512 (D.Md.1991). The statute

---

1. Plaintiff also alleges in his complaint that Nationwide tried to contact Plaintiff by leaving messages on his answering machine after Plaintiff had informed Nationwide that he was unable to make payments and that he did not wish to discuss the matter any further. In its motion to dismiss, Nationwide argues that its attempts to contact Plaintiff directly do not violate the FDCPA because Plaintiff does not allege in his complaint that he notified Nationwide *in writing* that he wished Nationwide to cease communica-

tion or that he refused to pay the debt. In his response to the motion to dismiss, Plaintiff states that "he is not complaining about the messages left on his answering machine but rather is complaining of the telephone call to his neighbor." Because Plaintiff only contends that the phone call to his neighbor violated the FDCPA, the court need not determine whether Plaintiff's allegation that Nationwide left messages on his answering machine states a claim under the FDCPA.

regulates both communications and debt collection practices utilized by debt collectors in the collection of debts from consumers. *See* 15 U.S .C. § 1692a, *et. seq.* Section 1692c(b) of the FDCPA regulates communications by debt collectors with third parties. This section provides as follows:

> [e]xcept as provided in section 1692b of this title [which permits certain third party communications for the purpose of acquiring location information], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not *communicate,* in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added). The term "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

In the present case, Mr. Beaulieu called Plaintiff's neighbor and informed him that he was calling about a "very important" matter. Defendants contend that this communication did not violate section 1692c(b) because Mr. Beaulieu did not actually convey any information about Plaintiff's debt to the neighbor. Defendants argue that in order for there to be a violation of section 1692c(b), the debt collector must convey some information about the debt to the third party.

Not surprisingly, Plaintiff does not agree with Defendants' narrow interpretation of section 1692c(b). Plaintiff contends that any communication that relates to a debt violates section 1692c(b). Plaintiff asserts that the term "communication" must be broadly interpreted in order to give the entire act meaning. Because Mr. Beaulieu's communication with Plaintiff's neighbor related to a debt, Plaintiff contends that such communication was unlawful.

In interpreting the meaning of a statute, it is well settled that "[t]he 'plain meaning' of statutory language controls its construction." *Summit Inv. & Dev. Corp. v. Leroux,* 69 F.3d 608, 610 (1st Cir.1995). The ordinary meaning of words expresses the underlying legislative purpose of the statute. *Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 23 (1st Cir.1989). The Supreme Court has stated that " '(a) statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' " *United States v. Campos–Serrano,* 404 U.S. 293, 301 n. 14, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971) (quoting *Washington Market Co. v. Hoffman* 101 U.S. 112, 115–16, 25 L.Ed. 782 (1879)). All provisions of the statute must be given force, and provisions must be interpreted so as not to derogate from other provisions of the whole statute. *United States v. Ramirez–Ferrer,* 82 F.3d 1131 (1st Cir.1996).

In the present case, Congress has specifically defined a "communication" under section 1692c(b) as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The issue for this court to determine is whether Congress intended the phrase "information regarding a debt" to include the conveying of any information relating to a debt or whether Congress intended to limit the definition of this phrase to only those conversations where a debt collector actually discloses some information about a specific debt to a third party.

Applying the previously cited rules of statutory construction, the court first looks to the dictionary definition of the term "regarding." Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term "regard" as, *inter alia,* "to relate to," while it provides the following definition for the term "regarding": "with respect to: concerning." Based on these definitions, the court believes the ordinary meaning of the term "regarding" is consistent with the broader interpretation advocated by Plaintiff.

Moreover, a review of section 1692c(b), in connection with the entire statutory scheme, indicates that Congress intended to broadly regulate contact between debt

collectors and third parties. As noted earlier, section 1692c(b) prohibits a debt collector from "communicating" with a third party "[e]xcept as provided in section 1692b." 15 U.S.C. § 1692c(b). Section 1692b allows a debt collector to communicate with third parties for the purpose of acquiring location information about a consumer as long as the debt collector follows specific guidelines, including "not stat[ing] that such consumer owes any debt." 15 U.S.C. § 1692b. If the court were to adopt Defendant's interpretation of section 1692c(b) and construe the provision as only prohibiting third party communications in which some information about a debt is actually disclosed, section 1692b would be superfluous. Under Defendants' narrow interpretation, debt collectors would be free under section 1692c(b) to obtain location information from third parties and to otherwise communicate with third parties so long as the debt collectors do not reveal any information about a debt. If Congress had intended for the statute to be interpreted in this manner, it would not have drafted section 1692b. *See United States v. Menasche,* 348 U.S. 528, 538, 75 S.Ct. 513, 99 L.Ed. 615 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute, rather than to emasculate an entire section") (internal quotation omitted). Because a narrow interpretation of section 1692c(b) would render other portions of the statute "superfluous", the court concludes that section 1692c(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party (except for the purpose of obtaining location information as permitted under section 1692b).[2]

Construing the allegations in Plaintiff's complaint in the light most favorable to Plaintiff, *see Schatz,* 943 F.2d at 489, the court finds that Plaintiff has alleged that Mr. Beaulieu, in connection with the collection of Plaintiff's debt, communicated with a third

party in relation to Plaintiff's debt, and that the communication was not for the purpose of obtaining location information. Based on this court's interpretation of section 1692c(b), Plaintiff's allegations are sufficient to state a claim under the FDCPA.

## C. Plaintiff's state law claims

■ Next, Defendants contend Plaintiff has failed to state a claim under N.C. Gen. Stat. § 58–70–105. According to Defendants, a communication between a debt collector and a third party does not violate section 58–70–105 unless there is "some discussion about the debt." Because Plaintiff does not allege that Mr. Beaulieu discussed Plaintiff's debt with Plaintiff's neighbor, Defendants argue that Plaintiff has not stated a claim for a violation of section 58–70–105.

N.C. Gen.Stat. § 58–70–105 prohibits a debt collector from communicating with any person other than the debtor, his spouse, or his attorney, except "[f]or the sole purpose of locating the debtor, if no indication of indebtedness is made." Contrary to Defendants' contentions, the North Carolina act does not require a debt collector to engage in "some discussion about the debt" in order for the act to be violated. As previously noted, Plaintiff has alleged that Mr. Beaulieu communicated with a third party in connection with Plaintiff's debt and that such communication was not for the purpose of acquiring location information. Such allegations are sufficient to state a claim under N.C. Gen. Stat. § 58–70–105.

## D. Motion to dismiss under Rules 12(b)(2) and 12(b)(5)

Mr. Beaulieu contends Plaintiff's action should be dismissed against him because he has not been served with a complaint and summons. Under Fed.R.Civ.P. 4(m), if service of the summons and complaint is not perfected within 120 days after the filing of the complaint, the court "shall dismiss the

---

**2.** The court notes that the legislative history of the FDCPA supports this interpretation of section 1692c(b). Senate Report No. 95–382 states that: [o]ther than to obtain location information, a debt collector may not *contact* third persons such as a consumer's friends, neighbors, rela-

tives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.
S. Rep. No. 95–382, reprinted at 1977 U.S.Code & Admin. News 1695, 1699 (emphasis added).

action without prejudice as to that defendant or direct that service be effected within a specified time." Here, Plaintiff filed his complaint on December 8, 1997—less than 120 days from the date of this order. Because Plaintiff has until April 7, 1998 to serve process upon Mr. Beaulieu under Rule 4(m), the court concludes that Mr. Beaulieu's motion to dismiss under Rules 12(b)(2) and (b)(5) should be denied at this time.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss is **DENIED.**