In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3283

AMANDA HORKEY,

*Plaintiff-Appellee,*

*v.*

J.V.D.B. & ASSOCIATES, INC.,
AN ILLINOIS CORPORATION,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 1034—**Ian H. Levin**, *Magistrate Judge.*

ARGUED APRIL 11, 2003—DECIDED JUNE 20, 2003

Before EASTERBROOK, MANION, and DIANE P. WOOD,
*Circuit Judges.*

MANION, *Circuit Judge.*  Chris Romero, an employee
of J.V.D.B. & Associates, Inc., a debt collection agency,
attempted by telephone to collect a client's debt from
Amanda Horkey while she was at work. Horkey asked
him to give her a number she could call from her home.
When he refused she hung up. Romero made a second call
and left a profane message with Horkey's coworker.
Horkey sued under the Fair Debt Collection Practices Act.
J.V.D.B. appeals from the district court's entry of summary

judgment in favor of Horkey, the denial of its motion for attorney's fees, and the awarding of statutory and compensatory damages in Horkey's favor. For the reasons set forth below, we affirm in all respects.

## I.

J.V.D.B. is a debt collection agency whose employee, identifying himself as Chris Romero, telephoned Amanda Horkey at her place of employment at least twice on January 9, 2001. In the first call, Romero demanded immediate payment of a debt of $817.00. Horkey told Romero that she could not talk to him at work and that she could call him back from her home and arrange a payment schedule. Romero, however, refused to end the conversation, so Horkey hung up on him. Shortly thereafter, Romero called back and spoke with Horkey's coworker, Jimmie Scholes. When Scholes told Romero that Horkey was away from the office and asked if Romero wished to leave a message, Romero told Scholes to "tell Amanda to quit being such a [expletive] bitch," and Romero then hung up the telephone. Scholes passed on the message to Horkey. Shortly after that, Horkey received a third telephone call, but the caller hung up when she answered.

Horkey brought suit under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* She alleged the following claims: (1) a violation of § 1692c(a)(3)'s prohibition on contacting the consumer at work in contravention of the employer's policy against such communication; (2) a violation of § 1692c(b)'s limits on contacting a third party about the consumer's debt; (3) a violation of § 1692d's prohibition of obscene or profane language; and (4) a violation of § 1692g's requirement of a validation notice. On January 4, 2002, the district court granted sum-

mary judgment in Horkey's favor on all claims except for her § 1692c(b) allegation. In later proceedings, the district court granted J.V.D.B.'s motion for summary judgment as to § 1692c(b) (third-party contact), but denied J.V.D.B.'s motion for attorney's fees pursuant to § 1692k(a)(3), which allows a defendant to recover sanctions for an action brought in bad faith and for the purpose of harassment. Ultimately, after a bench trial on the issue of damages, the district court awarded Horkey $1,000 in statutory and $350.00 in actual damages. J.V.D.B. appeals summary judgment as to Horkey's claims under § 1692c(a)(3) and § 1692d, the district court's denial of its motion for attorney's fees, and the district court's award of statutory and actual damages.

## II.

This court reviews the district court's grant of summary judgment *de novo*, construing all facts in favor of J.V.D.B., the nonmoving party. *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "[s]ummary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Rogers*, 320 F.3d at 752.

The first issue on appeal is whether summary judgment in Horkey's favor was appropriate as to § 1692c(a)(3), which provides that

> [w]ithout the prior consent of the consumer given directly to the debt collector or the express permission

> of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

J.V.D.B. did not have Horkey's prior consent or a court's express permission to communicate with her at work, so the dispositive question is whether it knew or had reason to know that Horkey's employer prohibited such communication.

The only evidence to which Horkey points in support of the district court's conclusion, as a matter of law, that J.V.D.B. knew or should have known that her employer prohibited her from receiving calls from debt collectors is her statement to Romero that she could not talk to him at work and her request for a number she could call from her home. As Horkey paraphrased her protest in her affidavit, she "told Romero that [she] could not talk to him at work and asked him to give [her] his telephone number so that [she] could call him back from [her] home to set up a payment schedule." J.V.D.B. argues that this statement is susceptible to various interpretations and that Romero therefore was in no position to know that Horkey's employer prohibited her from receiving debt-related communication at work. The salient question is whether Horkey's statement was clear enough that, as a matter of law, J.V.D.B. knew or had reason to know that Horkey's employer prohibited her from receiving Romero's call at work.

We agree with the district court that it was. Horkey informed Romero that she could not discuss her debt while at work, and J.V.D.B. presents no evidence that

Horkey's employer did allow her to take debt-related calls. Therefore we conclude that in this instance Romero had reason to know that Horkey's employer prohibited her from receiving communications related to debt collection while at work. *See United States v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 388 (N.D. Tex. 1986), *aff'd as modified*, 823 F.2d 880 (5th Cir. 1987) (holding that, after the consumer wrote the debt collector and "requested in writing that he not call her at work," further calls violated § 1692c(a)(3)).

It is true, as J.V.D.B. argues, that saying "I cannot talk with you at work" could conceivably be understood to mean something other than "my employer forbids me from talking with you at work." It could, for example, mean "I do not wish to talk with you at work" or "I am too busy to talk with you at work." But this observation does not create an issue of material fact because, as we observed in *Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254 (7th Cir. 1994), the FDCPA exists to protect the unsophisticated consumer. *Id.* at 1257. Unsophisticated consumers, whatever else may be said about them, cannot be expected to assert their § 1692c(a)(3) rights in legally precise phrases. It is therefore enough to put debt collectors on notice under § 1692c(a)(3) when a consumer states in plain English that she cannot speak to the debt collector at work. That is what Horkey did. Without evidence that J.V.D.B. knew, contrary to Horkey's assertion, that her employer did not prohibit her from taking debt-related calls at work, she is entitled to summary judgment on her § 1692c(a)(3) claim.

We now turn to Horkey's claim under § 1692d. Section 1692d provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt." 15 U.S.C. § 1692d. Section 1692d(2), which is the specific subsection upon which the district court granted summary judgment, further provides that "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader" is a violation of this section. *Id.* The uncontested evidence is that, within minutes after Horkey told Romero that she could not discuss the debt while at work, Romero called again and left a message with Horkey's coworker, Jimmie Scholes, asking Scholes to "tell Amanda to stop being such a [expletive] bitch." In an attempt to side-step what would otherwise be a clear violation, J.V.D.B. asserts that Romero's message "was not spoken in connection with a debt collection nor was it meant to abuse the hearer or reader." Each half of this statement is preposterous.

To state the obvious, Romero's message was "in connection with the collection of a debt" because the undisputed evidence is that Romero called Horkey's workplace for only one reason: to collect a debt. In that context, when he told Horkey (via Scholes) to "stop being such a [expletive] bitch," Romero was not offering general advice about how Horkey could improve her disposition. He was telling her, crudely but specifically, to be more receptive to his entreaties regarding the debt. No other interpretation of the facts is reasonable and thus, as a matter of law, Romero's message to Horkey was "in connection with the collection of a debt."

J.V.D.B.'s assertion that Romero's message was not intended to abuse the hearer likewise fails. J.V.D.B. points to no evidence in the record regarding Romero's intent, which is just as well, because Romero's intent is irrelevant. What is determinative is whether "the natural consequence of" Romero's obscenity-laced message was to "abuse the

hearer." 15 U.S.C. § 1692d(2). We need not examine the varying meanings of the words employed to determine that, in the context used, they were abusive as a matter of law. Unequivocally they were. We therefore affirm summary judgment as to Horkey's claim under § 1692d(2).[1]

Next, we consider J.V.D.B.'s third argument, that the district court erred in denying its motion for attorney's fees pursuant to § 1692k(a)(3), which allows a defendant to collect reasonable attorney's fees "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment." We review the district court's finding on the issue of bad faith for clear error. *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1229 (9th Cir. 1988). We review the ultimate grant or denial of attorney's fees under § 1692k(a)(3) for an abuse of discretion. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). J.V.D.B. contends that Horkey violated § 1692k(a)(3) by bringing a meritless claim under § 1692c(b). Section 1692c(b) states that

> [e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably neces-

---

[1] J.V.D.B. also points out that Romero "never spoke to" Horkey during his second call, apparently insinuating that there can be no liability under § 1692d(2) where the offending language is routed through an intermediary as opposed to being spoken directly to the consumer. Had the same message been left on Horkey's voicemail, a violation would be conclusive. This is worse because a third person received and relayed the statement. But because J.V.D.B. fails to develop this argument on appeal, the issue is waived. *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 706 n. 4 (7th Cir. 2002).

sary to effectuate a postjudgment judicial remedy, a
debt collector may not communicate, in connection with
the collection of any debt, with any person other than
the consumer, his attorney, a consumer reporting
agency if otherwise permitted by law, the creditor, the
attorney of the creditor, or the attorney of the debt
collector.

The district court denied summary judgment in Horkey's
favor as to § 1692c(b) because it found that there was
no evidence that Romero discussed Horkey's debt with
Scholes; i.e., in the district court's estimation, Romero's
call to Scholes was not "in connection with any debt" and
was thus not actionable under § 1692c(b).[2] Instead, rea-
soned the court below, Romero's conversation with
Scholes "was merely limited to inquiring as to [Horkey's]
whereabouts and entailed the use of inappropriate, pro-
fane language." Nonetheless, the district court denied

---

[2] Whether the district court's holding that Romero's conversa-
tion with Scholes *was not* "in connection with the collection of
any debt" under § 1692c(b) is compatible with its holding that
the same conversation *was* "in connection with the collection of
a debt" under § 1692d is an issue that we need not reach on
appeal, because Horkey does not challenge the district court's
entry of summary judgment in J.V.D.B.'s favor regarding her
claim pursuant to § 1692c(b). Likewise, we need not address
whether, as the district court reasoned, a violation of § 1692c(b)
requires the debt collector to convey some information about
the debt to a third party. At this point, it suffices to say that
district courts are split on this question, and that we leave the
matter for another day. *Compare Horkey v. J.V.D.B. & Assocs., Inc.*,
179 F. Supp. 2d 861, 868 (N.D. Ill. 2002) (holding that there can
be no liability under § 1692c(b) where there is no discussion of
the debt), *with West v. Nationwide Credit, Inc.*, 998 F. Supp. 642,
644-45 (W.D.N.C. 1998) (reaching the opposite conclusion).

J.V.D.B.'s motion for attorney's fees as to this issue because it reasoned that the message Romero left with Scholes "could be construed as sort of in context relating to" the debt that Romero was attempting to collect from Horkey. This is a generous assessment of the foul conversation Romero had with Scholes. But because all of the evidence points to the conclusion that Romero's only reason for calling Horkey's workplace was to collect a debt, we share the district court's assessment of the situation insofar as it held that a reasonable lawyer could have argued from these facts that Romero's abusive conversation with Scholes was in connection with a debt and therefore triggered liability under § 1692c(b).

We also affirm the denial of J.V.D.B.'s § 1692k(a)(3) motion on an alternate ground. For J.V.D.B. to prevail, it would have to establish that Horkey's "action" was brought in bad faith and for harassing purposes. 15 U.S.C. § 1692k(a)(3). An "action" "in its usual legal sense means a lawsuit brought in a court." Black's Law Dictionary 28 (6th ed. 1990). Thus, J.V.D.B. must show that Horkey's entire lawsuit, and not just her claim under § 1692c(b), was brought in bad faith and to harass J.V.D.B. Although we have not had occasion to delineate what constitutes a lawsuit brought in bad faith and for the purpose of harassment under § 1692k(a)(3), we are confident that no sound concept of such a suit could encompass an action in which the plaintiff wins summary judgment on three of her four asserted claims and has a colorable argument as to the claim on which she ultimately did not prevail. The district court was, accordingly, correct to deny J.V.D.B.'s motion for attorney's fees under § 1692k(a)(3). We cannot fathom how it could have done otherwise. In fact, at this juncture any bad-faith accusations would more appropriately be directed at J.V.B.D. for appealing the denial of its attorney's fees, but that issue is not before us.

Finally, we address J.V.D.B.'s appeal as to the $1,000 in statutory damages and $350.00 in actual damages. J.V.D.B. predicates its success on the issue of damages on our reversing summary judgment. Because we affirm summary judgment in all respects, J.V.D.B.'s appeal as to damages fails.

### III.

For the reasons set forth above, we affirm in all respects.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*