Stoddard v. Nationwide Recovery Serv. CV-03-334-JD  11/25/03
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Perley H. Stoddard, Jr., et al.

         v.                              Civil No. 03-334-JD
                                         Opinion No. 2003 DNH 202
Nationwide Recovery Service, Inc.


                          O R D E R


     The plaintiff, Perley H. Stoddard, Jr., filed a class action
complaint, alleging that the defendant, Nationwide Recovery
Service, Inc., violated provisions of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692d(a) and §§ 1692e(10) and (11).
Nationwide brought a counterclaim, alleging that Stoddard brought
the claims in bad faith and for harassment and seeking an award
of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
Stoddard moves to dismiss the counterclaim as premature.[1]

     Section 1692k(a)(3) provides that "[o]n a finding by the
court that an action under this section was brought in bad faith
and for the purpose of harassment, the court may award to the
defendant attorney's fees reasonable in relation to the work
expended and costs."  Before Nationwide may prevail on that
claim, however, Stoddard would have to lose all three of his

_____

     [1]To the extent Stoddard may also have intended to challenge
the counterclaim on the merits, that cannot be resolved at this
stage of the litigation.

claims and Nationwide would have to demonstrate to the court that all three claims were brought in bad faith and for the purpose of harassment. <u>Horkey v. J.V.D.B. & Assoc.</u>, 333 F.3d 769, 775 (7th Cir. 2003); <u>Chaudhry v. Gallerizzo</u>, 174 F.3d 394, 411 (4th Cir. 1999); <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81, 88 n.3 (2d Cir. 1998). That determination cannot be made until the merits of the plaintiff's claims are resolved. <u>Micare v. Foster & Garbus</u>, 132 F. Supp. 2d 77, 82 (N.D.N.Y. 2001).

The dispute raised in Stoddard's motion is whether Nationwide may invoke § 1692k(a)(3) in a counterclaim or whether it must wait until the conclusion of the litigation and then, if appropriate, move for an award under that section. The parties have cited cases that have addressed the issue in both procedural postures. Despite Stoddard's argument that the court lacks jurisdiction to consider the issue as a counterclaim, no case law is cited to support that assertion.

Although it might be better practice to raise a claim under § 1692k(a)(3) in a motion at the conclusion of the litigation, that procedure does not appear to be jurisdictionally required. Whether brought as a counterclaim or by motion, a claim under that section is decided by the court only after the litigation has been resolved against the plaintiff. Therefore, Nationwide's counterclaim will be considered by the court after Stoddard's

claims are finally resolved, and no mention of or evidence pertaining to the counterclaim will be allowed at trial.

## Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss (document no. 7) is denied. The plaintiff shall serve and file a reply to the counterclaim pursuant to Federal Rule of Civil Procedure 12(a).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 25, 2003

cc:  O. Randolph Bragg, Esquire
     Robert A. Jutras, Esquire
     Joel Rosen, Esquire
     Christopher J. Seufert, Esquire