**In re Jennifer Lynn MEADOWS, Debtor.**

**Jennifer Lynn Meadows, Plaintiff,**

**v.**

**Mann Bracken LLP, Defendant.**

**Bankruptcy No. 09–51402.
Adversary No. 09–05106.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

March 17, 2010.

Eamon F. Redmond, Esquire, for Plaintiff.

Mann Bracken LLP, Rockville, M.D, pro se.

**ORDER**

ROSS W. KRUMM, Bankruptcy Judge.

On November 6, 2009, the Plaintiff initiated the above-captioned adversary proceeding by filing a complaint against the Defendant. Summons and Notice of Pre–Trial Conference (hereafter the "Summons") for the proceeding was issued on November 13, 2009. The Summons commanded the Defendant to either respond by motion in accordance with Fed. R. Bankr.P. 7012 or to serve its answer upon the Plaintiff's attorney within 30 days of the issuance of the Summons. Copies of the Summons were sent to the Defendant via Certified Mail at: Mann Bracken LLP, Serve: Michael P. Chabrow, Registered Agent, 1953 Gallows Rd., Suite 240, Vienna VA 22812 as well as, Mann Bracken LLP, Two Irvington Centre, 702 King Farm Blvd., Rockville, MD 20850. As of December 14, 2009, the due date for any answer from the Defendant, there had been no response to the Summons. On March 1, 2010, the Plaintiff filed a Motion for Default Judgment in accordance with Fed. R.Civ.P. 55 and Fed. R. Bankr.P. 7055. After considering the Plaintiff's pleadings and the record of this case the Court makes the following findings of fact and conclusions of law.

*Background*

The Plaintiff, a Chapter 13 Debtor, filed her petition on September 4, 2009. The complaint alleges that on or about April 27, 2009, the Plaintiff received a debt collection letter from the Defendant which contained the following language, "This letter shall inform you that as a result of your failure to resolve this matter, we have made the decision to initiate litigation against you."[1] The complaint averred that the Defendant, a debt collection agency, issued this letter in an attempt to collect a $5,313.00 unsecured debt owed by the Debtor to Target National Bank.[2] The complaint asserts that the Defendant never initiated the threatened action. The complaint contends that this collection effort violates 15 U.S.C. § 1629, the Fair Debt Collection Practices Act (hereafter

---

1. Complaint, *Meadows v. Mann Bracken LLP,* 09–05106 (Bankr.W.D.Va. Nov. 6, 2009)

2. The Plaintiff's bankruptcy petition lists Target National Bank as an unsecured creditor holding a claim for $5,313.00.

the "FDCPA"). Specifically, the complaint states that the Defendant violated: (1) § 1629d by engaging in conduct, the natural consequence would be to harass, oppress or abuse the debtor in connection with collecting a debt; (2) § 1629f by engaging in unfair or unconscionable means to collect a debt; (3) § 1629e by making a false, deceptive or misleading representation or means in connection with collecting a debt; (4) § 1629e(5) by threatening to take action that was not intended to be taken; and (5) § 1629e(10) by making a false representation or by using deceptive means to collect a debt or obtain information about a consumer.[3]

The Plaintiff asserts that as a result of the aforementioned violations the Plaintiff has been severely agitated, traumatized, emotionally damaged and inconvenienced. As such, the Plaintiff requests "actual damages, statutory damages of $1,000.00, punitive damages and legal fees and expenses pursuant to 15 U.S.C. § 1629."[4]

The Plaintiff lists the cause of action alleged in this adversary proceeding (herein the "FDCPA Claim") as personal property on her bankruptcy Schedule B, though the Plaintiff does not assign a value to the claim. The Defendant has not filed any document in the FDCPA Claim.

### Pleadings

■ Before granting a Motion for Default Judgment, *Cumberlander v. KCL Site Services LLC*, 2009 WL 4927144, *8 (E.D.Va. Dec.17, 2009) holds "the Court must ensure that the complaint properly states a claim." In evaluating whether the complaint properly states a claim, the Court begins by examining the elements a plaintiff must plead to state a claim of violation of the FDCPA.

### I. Standard of Review and Required Elements of Proof for FDCPA Claims

■ *In re Creditrust Corp.* 283 B.R. 826 (Bankr.D.Md.2002) holds,

To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must prove that (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt.

*Creditrust Corp.*, 283 B.R. at 831. *See* Marjorie Wengert, Esq., *Cause of Action for Violation of Fair Debt Collection Practices Act*, [15 U.S.C. §§ 1692–1692o], 14 Causes of Action 315 (1987), First Series (September 2009). The standard of review for evaluating FDCPA claims is that of the "least sophisticated consumer." *US v. National Financial Services, Inc.*, 98 F.3d 131, 136 (4th Cir.1996). This standard is to be applied objectively, thus, the debtor's individual perception is irrelevant. *Cause of Action for Violation of Fair Debt Collection Practices Act*, [15 U.S.C. §§ 1692–1692o].

In order to satisfy the first element of proof, that the Defendant is a debt collector, the Court looks to 15 U.S.C. § 1692a(6) which, in relevant part, defines a Debt Collector as "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts …" While § 1692a(6) provides a list of persons not included in this definition, that list is not relevant for purposes of this case.

■ In order to satisfy the second element of proof, that the Defendant was attempting to collect a debt in violation of

---

**3.** Complaint, *Meadows v. Mann Bracken LLP*, No. 09–05106 (Bankr.W.D.Va. Nov.6, 2009)

**4.** *Id.*

the FDCPA the Court looks to the alleged violations contained in the complaint and the elements of proof required for each violation. The Plaintiff's complaint alleges that the Defendant violated 15 U.S.C. §§ 1692d, f, e, e(5) and e(10). Taking each violation in the order alleged the Court first establishes the elements of proof required for § 1692d. § 1692d prohibits debt collectors from conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." In order to prevail on a claim based on § 1692d, *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769 (7th Cir.2003), cert. denied, 540 U.S. 985, 124 S.Ct. 489, 157 L.Ed.2d 377 (2003) holds that the key is not whether the collector intended to harass, oppress or abuse but whether the natural consequence of the collector's actions would be to harass, oppress or abuse. Thus, the Plaintiff must demonstrate that the natural consequence of the Defendant's actions were to harass, oppress or abuse the Plaintiff. With regard to § 1629f, the Plaintiff must prove that the collection effort was unfair or unconscionable. In order to successfully claim a violation of § 1629e or § 1629e(10), the Plaintiff must show that the collection effort involved false or misleading representations. Lastly, a claim alleging a violation of § 1629e(5) must show that the defendant never intended to take a threatened action.

Finally, the third element of proof requires the Plaintiff to show that the collection effort was based upon a consumer debt. For purposes of determining whether a debtor is a consumer § 1629a(3) defines consumer as "any natural person obligated or allegedly obligated to pay any debt."

Having established what elements of proof are required to prevail on FDCPA claim, the Court now evaluates the rele-vant law regarding the sufficiency of pleadings.

## II. Law Regarding Sufficiency of Pleadings

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), applied to the Fourth Circuit through *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir.2009) and *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir.2009.), govern the Court's analysis of the sufficiency of the Plaintiff's complaint. *Iqbal* holds that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1940 (*Twombly*, 127 S.Ct. at 1974). *Iqbal* further holds that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, *Iqbal* clarifies that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (Citing *Twombly*, 127 S.Ct. at 1965).

## III. Analysis of Plaintiff's Complaint

██ As instructed by *Iqbal*, the Court begins its analysis of the Plaintiff's complaint by "identifying the allegations in the complaint that are [legal conclusions and thus] not entitled to the assumption of truth." *Iqbal* 129 S.Ct. at 1951. In identifying which allegations are conclusory the Court is again guided by *Twombly* which holds that "a mere formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. In this case, the Plaintiff paraphrased the language of 15 U.S.C. §§ 1629d, f, e, e(5) and e(10) followed by words stating that the Defendant violated those portions of the

statute. This is a clear example of a "formulaic recitation of the elements of a cause of action." Thus, the Court finds that the allegations asserting that the Defendant violated 15 U.S.C. §§ 1629d, f, e, e(5) and e(10) are conclusory in nature and thus, are not entitled to the assumption of truth. Once these conclusory statements are removed from the complaint the Court is left with a few factual allegations concerning the date the parties interacted. These allegations are not, when taken as true, sufficient to establish the necessary elements required to prove a claim under FDCPA. Specifically, the remaining allegations do not support, using the least sophisticated consumer standard, a finding that the Defendant plausibly violated the FDCPA, as required by *Iqbal.* Accordingly the Court finds that the Plaintiff's complaint fails to state a claim upon which relief can be granted and thus, the Court dismisses the adversary under Fed. R.Civ.P. 12(b)(6). Accordingly, it is

### ORDERED

That the Plaintiff's Motion for Default Judgment is hereby **DENIED.** It is;

### FURTHER ORDERED

That the Plaintiff's complaint be **DISMISSED,** without prejudice.