Dolores AUSTIN

v.

**GREAT LAKES COLLECTION BUREAU, INC.**

**Case No. 3:92–CV–263 (JAC).**

United States District Court,
D. Connecticut.

July 21, 1993.

Joanne S. Faulkner, New Haven, CT, for plaintiff.

Robert W. Allen, New Haven, CT, for defendant.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

### JOSÉ A. CABRANES, Chief Judge:

This is an action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("Act"), and parallel provisions of state law. Pending before the court are the plaintiff's Motion for Summary Judgment (filed April 2, 1993) and the defendant's Motion for Summary Judgment (filed April 7, 1993).

### BACKGROUND

The following facts are not disputed by the parties. The plaintiff, Dolores Austin, a consumer within the meaning of the Act, was indebted to GE Capital/Montgomery Ward ("GE Capital") in the amount of $194.43. GE Capital referred the plaintiff's account to Great Lakes Collection Bureau ("Great Lakes"), a debt collector within the meaning of the Act, for collection.

Great Lakes tried to contact the plaintiff at her office on April 14 and April 16, 1992. On April 17, 1992, the plaintiff called Great Lakes and reported that receiving phone calls at work upset her. The defendant's collection records, as translated under oath by the defendant, reveal the substance of this call: "Debtor called office upset about calls to place of employment hung-up." Plaintiff's Request for Admissions (filed February 12, 1993), Ex.A. At oral argument on July 12, 1993, Great Lakes admitted that it was fully aware of the plaintiff's request not to be called at work because such calls inconvenienced her. Great Lakes also admitted that its collection agents continued to call her office on April 28, May 2, May 5, and May 11, 1992. The plaintiff claims that this series of calls constitutes a violation of 15 U.S.C. § 1692c(a)(1), which provides that "a debt collector may not communicate with a consumer with the collection of any debt at . . . a time or place known or which should be known to be inconvenient to the consumer."

On April 28, 1992, Miss Snead, an employee of the defendant, called the plaintiff's office and spoke to Jenny Conners, the plaintiff's secretary. In Ms. Conners' Affidavit (filed April 2, 1993) ("Conners' Aff."), she states that Miss Snead "started asking personal questions about Ms. Austin," and said that "she needed the information about Ms. Austin to garnish her wages." Conners Aff. ¶ 4, 5. Ms. Conners stated that "[a]t all times I was under the impression that I was talking to a secretary or paralegal from an attorney's office," and that "[i]t was clear from the questions she asked that Miss Snead was calling about a debt or a judgment." *Id.* at ¶ 7, 8. The plaintiff argues that Miss Snead's actions constitute violations of 15 U.S.C. § 1692c(b) (improper communication with a third party) and 15 U.S.C. § 1692e (false representation of attorney involvement, entry of judgment, or attachment of wages).

The plaintiff further alleges that Great Lakes violated 15 U.S.C. § 1692e(11) by failing to include a statutory disclaimer in its oral communications with the plaintiff and her secretary. Under that statute, a disclosure, stating that "[t]his is an effort to collect a debt and any information obtained would be used for that purpose," is required in every communication to collect a debt. Finally, the plaintiff claims that the sum of Great Lakes' actions constitutes violations of 15 U.S.C. § 1692d (harassment) and 15 U.S.C. § 1692f (unfair practices in debt collection).

### DISCUSSION

The plaintiff and the defendant have both moved for summary judgment on all of the plaintiff's claims as to liability only. Both parties have agreed that an adjudication on damages would be premature at this point. At oral argument on July 12, 1993, the court reserved decision.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–8, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in the original). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986) (Feinberg, C.J.), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (Feinberg, C.J.). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Finally, " 'mere conclusory allegations or denials' " in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978)).

■ Although the plaintiff has alleged that the defendant has violated several provisions of the Act, a single violation is sufficient to establish civil liability. *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993); *see* 15 U.S.C. § 1692k (establishing liability for "any debt collector who fails to comply with any provision of this subchapter").

■ The plaintiff first alleges that Great Lakes violated 15 U.S.C. § 1692c(a)(1), which forbids a debt collector from contacting a consumer at "a time or place known or which should be known to be inconvenient to the consumer." Indeed, the defendant's own records clearly demonstrate that the plaintiff requested the defendant not to call her at work because such calls inconvenienced her. At oral argument, the defendant admitted that it was fully aware of this request. Great Lakes nevertheless continued to try to contact the plaintiff at her office on numerous occasions. This willful and repeated disregard of the plaintiff's clear request constitutes a direct violation of 15 U.S.C. § 1692c(a)(1). The court must therefore grant the plaintiff's motion for summary judgment.

■ The record also supports the plaintiff's claim that the defendant violated 15 U.S.C. § 1692c(b), which prohibits improper communication with third parties. Both parties agree that on April 28, 1992, Miss Snead, an employee of defendant, called the plaintiff's office and spoke with the plaintiff's secretary, Ms. Conners. The Conners Affidavit clearly shows that the Miss Snead improperly communicated with Ms. Conners in connection with the collection of the plaintiff's debt. Although the defendant's counsel challenges Ms. Conners' allegations, the defendant has provided no affidavits or other evidence which contest the Conners Affidavit in any way. The defendant's bald assertion that Ms. Conners' affidavit is not accurate or credible is not sufficient to defeat the plaintiff's motion for summary judgment on this claim. *See Quinn,* 613 F.2d at 445; *Knight,* 804 F.2d at 12. Therefore, the plaintiff is also entitled to summary judgment on her claim that the defendant violated § 1692c(b).

While it appears that there is also some merit to the plaintiff's claim that the April 28 conversation between Miss Snead and Ms. Conners violated § 1692e(2) (misrepresentation of attorney involvement), § 1692e(3) (misrepresentation that judgment had been entered against the plaintiff), § 1692d (harassment), § 1692e(11) (failure to include the required statutory disclaimer), and § 1692f (unfair debt collection practices), the court need not reach these issues as the defendant's liability under the Act has already been firmly established.

### CONCLUSION

Upon review of the record and for the reasons stated above, the plaintiff's Motion

for Summary Judgment (filed April 2, 1993) (doc. # 31) is hereby GRANTED, and the defendant's Motion for Summary Judgment (filed April 7, 1993) (doc. # 35) is hereby DENIED.

It is so ordered.