**Gianna DIAZ, et al. Plaintiffs,**

v.

**D.L. RECOVERY CORP., et al., Defendants.**

No. 06 CV 3014.

United States District Court, E.D. Pennsylvania.

April 23, 2007.

Jason M. Rapa, Rapa Law Office, Lehighton, PA, Henry I. Langsam, Philadelphia, PA, for Plaintiffs.

Henry I. Langsam, Philadelphia, PA, for Defendants.

## *MEMORANDUM*

DAVIS, District Judge.

Presently before the Court is Defendants' Motion to Dismiss (Doc. No. 9) and Plaintiffs' Response (Doc. Nos.10, 11). For the Reasons that follow, Defendants' Motion (Doc. No. 9) is GRANTED in part and DENIED in part.

## I. Background

There are two plaintiffs in this action, Gianna Diaz and Henry Peralta. According to the Complaint, Diaz received a telephone call in June 2006, from an unknown caller who warned her that he would, within hours, "repossess all of her household belongings and even her car." (Compl.¶ 12.) The caller provided Diaz with a telephone number and instructed her to ask for "Attorney Bohr Manchester" at that number. According to the caller, only "Attorney Bohr Manchester"

could stop the imminent confiscation of Diaz's property. The caller would provide no other information.

Upon calling the number provided, Diaz was told by an unidentified person that there was "a Summons for over $100,000.00" against her and was again told that only "Attorney Bohr Manchester" might be able to prevent the confiscation of her property. Diaz then spoke with Manchester. As the Complaint describes their conversation, Manchester

confirmed that he was speaking with Gianna and then proceeded to advise Ms. Diaz that he was holding a summons and court order instructing him to take her belongings. Ms. Diaz begged [Manchester] to explain what the matter was all about, but [Manchester] only repeatedly stated, "Why don't you ask Henry? You know Henry Peralta don't you?" Ms. Diaz acknowledged knowing Mr. Peralta and advised [Manchester] that the two have a child together. Manchester then instructed Ms. Diaz that Henry Peralta took some property from New York. [Manchester] then raised his voice and stated, "Let's stop playing games, do you want to save your stuff?" [Manchester] then proceeded to instruct Ms. Diaz that he could settle the summons for $6,400.00. Again Ms. Diaz asked what the matter was about, only to be told that she must provide her checking account number if she wanted to save her stuff and, "if you don't want your baby to sleep on the floor tonight you'll give me your checking account number." [Manchester] then stated, "aren't you ashamed that the father of your child doesn't care about you or your child, Henry has five other girlfriends that we also have summons for, aren't you afraid of getting AIDS?"

(Compl.¶ 14.)

Plaintiffs assert claims for violations of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692–1692o, for violations of Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Cons.Stat. Ann. §§ 2270.1—2270.6, for violations of Pennsylvania's Unfair Trade Practices.and Consumer Protection Law, 73 Pa. Cons.Stat. Ann. §§ 201–1—201–9.2, for invasion of privacy by intrusion upon seclusion and for defamation. The instant Motion targets only some of these claims, as discussed in turn, below.

## II. Legal Standard

A motion to dismiss is for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). To decide the Motion, the Court assumes the truth of the allegations, views them in the light most favorable to Plaintiffs and then asks whether Plaintiffs can prove any set of facts that would entitle them to relief. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.2006).

## III. Discussion

### A. Fair Debt Collection Practice Act

Claims under the Fair Debt Collection Practice Act (hereinafter "the Act") are asserted both by Peralta and by Diaz.

*1. Claims asserted by Diaz under the Act*

■ Defendants argue that 15 U.S.C. §§ 1692c(a)(1), 1692g and 1692g(a)(1)-(5) cannot provide Diaz in particular with a claim. The argument is that a violation of these sections with respect to Diaz would require that Diaz be a "consumer," as that term is defined by the Act. According to Defendants, Diaz does not, on the allegations, qualify as a consumer and so she cannot assert these claims.

This argument is rejected by the Court because on the allegations of the Com-

plaint Diaz would in fact qualify as a consumer. The Act defines "consumer" as "any natural person obligated *or allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added). According to the Complaint, Defendants demanded money from Diaz and even threatened to take possession of her belongings if she did not pay them. The Complaint thus alleges that Defendants alleged Diaz to be to be obligated to pay a debt. Diaz would, then, contrary to Defendants' contention, qualify as a consumer.

■ Defendants next argue that Diaz cannot assert a claim for a violation of 15 U.S.C. § 1692d(1). But this section of the Act merely provides an *illustration* of the sort of conduct that is prohibited by § 1692d. The language of § 1692d is:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section
> . . . .

The section then lists six illustrations of conduct that would qualify as "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Defendants have merely targeted the first listed item in this non-exclusive list of sorts of conduct that are encompassed by the section.

Although the Complaint does assert a violation of § 1692d, it does not rest this assertion solely on subsection (1) of § 1692d. (Compl.¶¶ 12–14, 18.) Therefore, the argument that subsection (1) of § 1692d is not, on the Complaint's allegations, violated cannot amount to an argument that Plaintiffs have failed to state a claim. The Court sees no occasion to consider the question whether, on the Complaint's allegations, Defendants' conduct might be of the sort described in § 1692d(1), since even if the Court were to agree with Defendants this would not suffice to dismiss Diaz's claim under § 1692d.

### 2. *Claims asserted by Peralta under the Act*

■ Defendants argue that §§ 1692b(1) and 1692c(b) prohibit conduct towards persons *other* than the "consumer," and that therefore, even if Defendants engaged in such conduct, the consumer is not thereby provided by the Act with a claim. Conceding that (on the pleadings) Peralta is a consumer, Defendants argue that Peralta cannot have a claim under these sections for conduct that was directed not toward Peralta but only toward Diaz.

The Court rejects Defendants' interpretation of the Act. The language of § 1692b(1) is:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) . . . .

15 U.S.C. § 1692b. The language of § 1692c(b) is:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law,

the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b). Damages for violations of these sections of the Act, as for violations of all sections of the Act, are provided in the following terms: "[A]ny debt collector who fails to comply with any provision of this subchapter *with respect to any person* is liable to *such person* ...." 15 U.S.C. § 1692k(a) (emphasis added). On the Court's interpretation of the statute, violations of §§ 1692b(1) and 1692c(b) qualify as violations "with respect to," 15 U.S.C. § 1692k(a), the consumer. *Cf. Taylor v. Heath W. Williams,* LLC, 06–CV–2155, 2007 WL 647001, *7–*8 (N.D.Ga. Feb.26, 2007) (denying motion to dismiss consumer-plaintiff's claims against defendants for violations of §§ 1692b and 1692c(b)); *Thomas v. Arrow Fin. Servs., LLC,* 05–C–5699, 2006 WL 2438346, *2–*4 (N.D.Ill. Aug.17, 2006) (certifying class of plaintiffs "whose employers received a document not limited to location information in violation of the" Act); *Austin v. Great Lakes Collection Bureau,* 834 F.Supp. 557, 559 (D.Conn.1993) (granting to plaintiff summary judgment on § 1692c(b) claim for debt collector's communications with plaintiff's secretary). Therefore, Peralta can have a claim for the violation of §§ 1692b(1) or 1692c(b).

■ Next, Defendants target Peralta's claim under § 1692d, arguing that Peralta can have no claim against them for a violation of this section since "[t]he [C]omplaint does not allege any communication between" Defendants and Peralta. (Mot. ¶ 5d.) Indeed, the Complaint only alleges communications between Defendants and Diaz. Contrary to Defendants' theory, however, this does not mean that Peralta can have no claim against Defendants for a violation of § 1692d. The section prohibits conduct by a debt collector "*the natural consequence of which* is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d (emphasis added). By its use of the words "the natural consequence of which," the statute implies that the intent of the debt collector is irrelevant. *Horkey v. J.V.D.B. Assocs.,* 333 F.3d 769, 774 (7th Cir.2003). Furthermore, among the section's illustrations of conduct that would qualify as a violation of the section, 15 U.S.C. §§ 1692d(1)-(6), are some *express* descriptions of communications between the debt collector and other persons than the consumer. 15 U.S.C. §§ 1692d(3) & (4). Defendant's theory that, as a general matter, § 1692d cannot be violated by communications between the debt collector and other persons than the consumer is, therefore, unreasonable.

Defendants single out subsections (1) and (6) of § 1692d in order to argue that the Complaint does not allege conduct that would constitute the particular sort of violation of § 1692d described in those subsections. As discussed above in connection with the claims asserted by Diaz under the Act, even if the Court were to consider the sufficiency of the Complaint's allegations vis-à-vis subsections (1) and (6) of § 1692d and were to agree with Defendants, this would not suffice to dismiss Peralta's claim under § 1692d. Therefore this argument for dismissal is rejected.[1]

■ Defendants next argue that, on the facts alleged, they cannot be liable to Peralta for a violation of § 1692g since there is no allegation of a communication with Peralta. This point is conceded by Plaintiffs (Resp. ¶¶ 5g-h; Mem. in Opp'n 4) and so the Court will dismiss with prejudice

---

1. Nonetheless, the Court notes Plaintiffs' concession that Peralta cannot assert a claim for conduct of the sort described in § 1692d(6). (Resp. ¶ 5f; Mem. in Opp'n 4.)

the claim by Peralta for a violation of § 1692g.[2]

■ Similarly, Defendants argue that, on the facts alleged, they cannot be liable to Peralta for a violation of § 1692c(a)(1) since there is no allegation of a communication with Peralta. Plaintiffs do not concede this point, but they offer no argument to counter Defendants' argument.

The section reads:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location . . . .

15 U.S.C. § 1692c(a). This language clearly requires a communication with the consumer. The Complaint makes no allegation of a communication or even of an attempt to communicate with Peralta. Therefore this claim of Peralta's is dismissed. If Plaintiffs wish to amend the Complaint to allege facts supporting a claim by Peralta for a violation of § 1692c(a)(1), they may do so within ten days from the date of this Order.

## B. Invasion of Privacy by Intrusion Upon Seclusion

■ Defendants argue that, because the Complaint alleges only a single telephone call made to Diaz, Plaintiffs fail to state a claim for the tort of invasion of privacy by intrusion upon one's seclusion. According to Defendants, "[a] review of the relevant case law does not disclose any case in which a single telephone call was held to be an intrusion upon seclusion. The cases invariably involve much more personal or physical intrusion." (Mem. in Supp. of Mot. 4.) The Court rejects Defendants' contention that they necessarily cannot commit the tort by fewer than two telephone calls. The claim will survive the Motion.

This tort was made a part of Pennsylvania common law by the Pennsylvania Supreme Court's explicit acceptance of the tort as described in § 652B of the Restatement (Second) of Torts. *Vogel v. W.T. Grant Co.*, 458 Pa. 124, 129–30, 327 A.2d 133, 135–36 (Pa.1974) ("The Restatement (Second) of Torts has parsed the holdings of these and other cases and arrived at an accurate formulation of the tort of invasion of privacy."). In *Vogel*, the Pennsylvania Supreme Court, before endorsing the Second Restatement's "complex of four" distinct torts for invasion of privacy, *id.* at 130 n. 9, 327 A.2d at 136 n. 9 (quoting W. Prosser, *Handbook of the Law of Torts* § 117, at 804 (4th ed.1971)), noted that although in Pennsylvania the general tort of "invasion of privacy" was already established, the "perimeter" of the "cause of action for invasion of privacy" had not yet been "clearly delineated," *id.* at 125–26, 327 A.2d at 134. The next year, in *Marks v. Bell Tel. Co. of Penn.*, 460 Pa. 73, 331 A.2d 424 (Pa.1975), the Pennsylvania Su-

---

**2.** Defendants and Plaintiffs refer separately to § 1692g and § 1692g(a)(1)-(5). Dismissal of Peralta's claim for a violation of § 1692g, however, implies dismissal of Peralta's claim for a violation of subsections of § 1692g.

preme Court reiterated that "the contours of the tort remain amorphous," *id.* at 85, 331 A.2d at 430, but again relied on the Second Restatement as well as on decisions of courts in other states in order to draw a line determining that the defendant's conduct in that case did not constitute an invasion of the plaintiff's privacy by intrusion upon the plaintiff's seclusion, *id.* at 86–88, 331 A.2d at 430–31. Since then, courts applying Pennsylvania law have frequently relied on the Restatement (Second) of Torts and on the comments to § 652B in order to determine "the contours of the tort" for invasion of privacy by intrusion upon one's seclusion. *See, e.g., Wolfson v. Lewis*, 924 F.Supp. 1413, 1419–20 (E.D.Pa.1996); *Fogel v. Forbes, Inc.*, 500 F.Supp. 1081, 1087 (E.D.Pa.1980); *DeAngelo v. Fortney*, 357 Pa.Super. 127, 130, 515 A.2d 594, 595 (Pa.Super.1986).

Looking to the Second Restatement, this Court finds that the allegations of Plaintiffs' Complaint are sufficient to assert a claim both by Diaz and by Peralta for the invasion of privacy by intrusion upon his or her seclusion. Section 652B states:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement (Second) of Torts § 652B (1977). One way of meeting the requirement that the intrusion be "highly offensive to a reasonable person" is by the defendant's repeatedly intruding on the plaintiff at inconvenient times. *See, e.g.,* Restatement (Second) of Torts § 652B cmt. b, illus. 5. Indeed, the Restatement explicitly provides that

> there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

Restatement (Second) of Torts § 652B cmt. d. Although the Second Restatement illustrates the tort by describing *persistent* intrusions upon the plaintiff's privacy, it is clear that the important point is not that the intrusions be persistent but that the intrusions should by one means or another—whether by persistent repetition or by some other aspect of the intrusion—rise to the level of what a reasonable person would find "highly offensive." The allegations of the Complaint suggest that Defendants' intrusion upon their solitude was, from the perspective of a reasonable person, "highly offensive" not by virtue of the Defendant's intruding on their solitude repeatedly, but rather by virtue of the outrageous character of the one intrusion described by Plaintiffs. Even though only one instance of an intrusion is described in the Complaint, it is alleged to have been carried out in such a way that a reasonable person would find it to be highly offensive.

An appropriate Order follows.

### ORDER

AND NOW, this 23rd day of April 2007, upon consideration of Defendants' Motion to Dismiss (Doc. No. 9) and Plaintiffs' Response (Doc. Nos.10, 11), it is hereby ORDERED that Defendants' Motion (Doc. No. 9) is GRANTED in part and DENIED in part. It is further ORDERED:

1. Plaintiff Henry Peralta's claim for violations of 15 U.S.C. § 1692g is DISMISSED WITH PREJUDICE.

2. Plaintiff Peralta's claim for violations of 15 U.S.C. § 1692c(a)(1) is DISMISSED with leave to amend the

Complaint within ten (10) days of the date of this Order, if Plaintiffs so choose, in order to allege facts by which Peralta might assert a violation of § 1692c(a)(1).