[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2011
JOHN LEY
CLERK

No. 10-11058
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cv-00088-RS-EMT

ESTEL A. RAINEY,

Plaintiff-Appellant,

versus

ERIC H.HOLDER, JR., and in his official
capacity as Attorney General of the United States
of America and in his official capacity as the Head
of the Department of Justice, Federal Bureau of Prisons,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 2, 2011)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Estel Rainey is a correctional officer in the Federal Bureau of Prisons stationed at the Marianna Federal Correctional Institution ("FCI"). He brought this lawsuit against the Attorney General under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that his superiors at FCI discriminated against him in his employment on account of his race, white, and that they retaliated against him after he complained about the discrimination. The claims grew out of an incident that occurred on October 9, 2005, when a black Lieutenant, Abdul Rushdan, prevented Rainey from handcuffing a black inmate by grabbing Rainey's arm and telling him to turn the inmate loose.

The Attorney General denied liability, and the case was tried to a jury. At the close of Rainey's case, the district court granted the Attorney General's motion for judgment as a matter of law on both of Rainey's claims. Rainey now appeals the final judgment entered pursuant to the court's rulings. We affirm.

## I.

We review a district court's grant of judgment as a matter of law *de novo*, drawing all reasonable inferences in the light most favorable to the nonmoving party. *Rossbach v. City of Miami*, 371 F.3d 1354, 1356 (11th Cir. 2004). Where no "legally sufficient evidentiary basis" allows a "reasonable jury to find" for the nonmoving party on an issue, a district court may properly grant judgment as a

matter of law as to that issue. *Id.* (citation and quotations omitted); Fed.R.Civ.P. 50(a).

Title VII makes it an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color. . . ." 42 U.S.C. § 2000e-2(a); *Bass v. Bd. Of County Com'rs, Orange County, Fla.*, 256 F.3d 1095, 1103 (11th Cir. 2001). A federal employee may bring a cause of action alleging racial discrimination under Title VII. 42 U.S.C. § 2000e-16. Where direct evidence of discrimination is not available, a Title VII plaintiff may present circumstantial evidence of discrimination sufficient to create a jury question. *EEOC v. Joe's Stone Crab's, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002).

In reviewing Title VII claims supported by circumstantial evidence, we use the three-step burden-shifting framework established in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). First, a plaintiff must establish a *prima facie* case of discrimination. *Joe's Stone Crab's*, 296 F.3d at 1286. To make out a *prima facie* case, the plaintiff can show that: (1) he is a member of a protected class; (2) he

was subject to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than it treated him; and (4) he was qualified to do the job. *Id.* As to the element of adverse employment action, the plaintiff must show a "serious and material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1238-39 (11th Cir. 2001). We use an objective standard when assessing whether the employment action was "serious and material." *Id.* at 1239.

When a plaintiff's poor performance evaluation and compensation are "inextricably intertwined," a lower performance evaluation can constitute an adverse employment action in the racial discrimination context. *Crawford v. Carroll*, 529 F.3d 961, 971-72 (11th Cir. 2005) (citation omitted). However, when a lower performance evaluation does not result in a "loss of pay or benefits or further discipline," it does not constitute an adverse employment action. *Davis*, 245 F.3d at 1240.

Rainey did not proffer evidence sufficient at trial sufficient to show that he suffered an adverse employment action. The handcuffing incident involving Lt. Rushdan, an email directive from a superior, Captain Serrano, following that incident, and a voluntary referral of the matter to the agency's Employee Assistance Program all had no material effect on the terms, conditions, or

4

privileges of Rainey's employment. Rainey's *prima facie* case therefore fails; the jury lacked a "legally sufficient evidentiary basis" to find for him on his racial discrimination claim, and the district court was therefore obliged to terminate the claim.

                                                          II.

To successfully establish a claim of retaliation, a Title VII plaintiff must make out a *prima facie* case. *See Crawford*, 529 F.3d at 970 (discussing elements of *prima facie* case of retaliation). The plaintiff may show: (1) he engaged in an activity protected by Title VII; (2) he suffered adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Id.* (citation omitted). Adverse action is broader in the retaliation context than in the racial discrimination context. *Id.* at 973-74 (citing *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 245 (2006)). As to retaliation, adverse action is action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Crawford*, 529 F.3d at 970 (citing *White*, 548 U.S. at 68, 126 S.Ct. at 2415).

While the jury traditionally should decide whether a defendant's actions are sufficiently adverse, "petty and trivial" actions by the defendant are not sufficiently adverse. *Crawford*, 529 F.3d at 974 n.13 (citation omitted). An unfavorable performance review that affected a plaintiff's eligibility for a merit

pay increase constitutes sufficiently adverse action in the retaliation context. *Id.* at 974.

Rainey failed to show adverse action. It is unlikely that, taking into account all of the alleged incidents individually or collectively, a reasonable employee, standing in Rainey's shoes, would have felt dissuaded from filing a complaint of discrimination. As such, Rainey's *prima facie* case fails, and the district court properly granted judgment as a matter of law on Rainey's retaliation claim.

AFFIRMED.